## BENJAMIN SCHWARZ & SONS v. KENNEDY.

(Circuit Court, D. Oregon. October 7, 1907.)

No. 3,095.

1. EQUITY—DEFAULT—GROUNDS FOR SETTING ASIDE.

A court of equity may properly set aside a default before decree has been entered to permit a defendant to answer, where it is shown that it resulted from an oversight of counsel in failing to file a pleading.

[Ed. Note.—For cases in point, see Cent. Dig. vol. 19, Equity, § 977.]

2. JUDGMENT—EQUITABLE RELIEF—SET-OFF.

Plaintiffs recovered a judgment in trover against defendant for the value of certain hops which defendant's intestate had bought from the raisers and paid for; it being shown that plaintiffs had previously bought them and became vested with title thereto. Plaintiffs, however, had not paid for them, and after the judgment defendant obtained an assignment from the sellers of their claim against plaintiffs for the price. Held, that such facts, set up in an answer, constituted matter of defense to a bill in equity by plaintiffs to enjoin defendant from attempting to set off such claim against the judgment in the probate court.

[Ed. Note.—For cases in point, see Cent. Dig. vol. 30, Judgment, §§ 1669-1688.]

In Equity. On motion to set aside default and for leave to file answer.

See 142 Fed. 1027.

Carson & Cannon, for complainants.

Martin L. Pipes, for defendant.

WOLVERTON, District Judge. On June 19, 1906, the complainants recovered a judgment in this court for the sum of $2,602.30 against the defendant, in an action in trover, for the conversion of 86 bales of hops, instituted against John Kennedy in his lifetime. The complainants claimed the hops by reason of an alleged purchase from two Chinamen, Lee Gon and Ah Chop; the purchase price, however, not having been paid. Kennedy claimed to have purchased the hops from the same Chinamen, but at a later date, for a consideration, which he paid. He acquired possession, and later disposed of the hops to other persons. It having been determined that the Chinamen were without title to the hops when they pretended to sell to Kennedy, and Kennedy having paid the Chinamen therefor, he had a valid demand against them for the return of such purchase money. This demand became an asset of Kennedy's estate, and, complainants not having paid the Chinamen for the hops, although they had judgment against the defendant for their value, the Chinamen, in consideration of the demand due from them to the estate, assigned their claim against the complainants to the administratrix. This negotiation and arrangement was had subsequent to the acquirement of complainants' judgment, but prior to the institution of the present suit; and the defendant, as administratrix, now claims to be the owner of such claim and demand against the complainants. The complainants bring the present suit to enjoin the defendant from in any manner setting off, or endeavoring to set off, said claim or demand against the complainants in the county court for Marion county, state of Oregon, having jurisdiction for the conduct and settlement of the estate of John Kennedy, deceased, or in any court of the state, or from settling the estate of John Kennedy, deceased, until said judgment is fully paid.

The defendant entered no appearance of record in the cause within the time required by rule 18 of the equity practice, and an order pro confesso was taken against her. Prior to the time, however, when complainants were entitled to a decree for the relief prayed for, the defendant came into court, and now asks to be relieved of her default, and for leave to file an answer, which she tenders. The answer takes issue with the bill in some matters, and sets up the transactions hereinbefore set out, averring also that John Kennedy purchased the hops in question in good faith, but was misled as to the title by the misrepresentations of the Chinamen; and shows, further, that the Chinamen are insolvent, and that the complainants are nonresidents of the state and have no property therein upon which attachment or execution may be levied.

Two questions are presented for consideration: First, whether the defendant's oversight or negligence in not appearing before default

is of such a character as the court will not relieve against; and, second, whether the answer states a defense to the bill.

As to the first, it appears that one of counsel for defendant had supposed that he had filed a demurrer to the bill, but, when he came to call it up, he was apprised of the fact that he had not done so. I am impressed that counsel was acting in entire good faith, but found he was mistaken, and for this reason the default should be opened.

As to the second, I am of the opinion that the answer contains pertinent equities, which will in all probability entitle the defendant to relief in the state courts. I do not state this as a matter unalterably controlling, but for the present purposes I am impressed that way. "As equity," says Mr. Black, in 23 Cyc. 1019, "may order one judgment to be set off against another, so it has power to restrain the execution of a judgment when it is made to appear that the judgment defendant has a debt against plaintiff exceeding the judgment in amount, and which he cannot otherwise collect."

The power of a court of equity to set off a simple contract debt against a judgment, and in what cases it will be exercised, was not discussed at the hearing, so that I am not fully advised in the premises. But considering the apparent equities attending the answer, I am disposed to allow it to be filed, and such will be the order of the court, leaving the ultimate legal sufficiency to be further tested as counsel may bring it on for consideration.

One other objection was made to allowing the answer to be filed, which is that it was not sworn to. The defendant, however, has manifested her willingness to verify the same, and was only hindered therefrom by her temporary absence at the time. She should verify it, and, when so verified, she will have leave to file it.

Another question of grave importance was discussed, but it is unnecessary that I should determine the same now, as the foregoing disposes of the immediate controversy.